887 So.2d 456 (2004)
Sandres J. GUIDRY, et al.
v.
DWIGHT MANUEL, INC., et al.
No. 2004-C-2031.
Supreme Court of Louisiana.
November 17, 2004.
*457 PER CURIAM.
Plaintiffs, Sandres J. Guidry and his wife Cathy, hired Dwight Manuel, Inc. (Manuel) to construct a building to be used as the office and warehouse for their business, Guico Specialty Company, Inc. (Guico). Manuel subcontracted Baldwin Redi-Mix (Redi-Mix) and a concrete finisher, Daniel Popillion. Redi-Mix was to deliver concrete of a certain compression strength (3000 psi for the building and 3500 psi for the parking lot). Plaintiffs became dissatisfied with Manuel's performance and terminated the contract. MPW Construction, Inc. was hired to finish the project. Redi-Mix had already poured the concrete when the change in contractors occurred.
Shortly after completion of the project and occupation of the new building, the concrete started cracking. Plaintiffs had the concrete tested. The tests revealed the concrete's strength was approximately 1750 psi. The plaintiffs sued Manuel who third partied Redi-Mix and the concrete finisher, Mr. Popillion. Plaintiffs added a claim against Redi-Mix. The concrete finisher, Mr. Popillion, was never served; therefore, the trial court severed the claim against him. (The jury was asked to consider whether Mr. Popillion bore any responsibility.)
The parties proceeded to jury trial. Testimony and delivery tickets indicated the concrete was diluted with water at the job site reducing compression strength. The jury found Manuel 100 percent at fault and awarded the Guidrys $67,120 reduced by $29,120 for failure to mitigate damages, for a total award of $38,000. The jury rejected Guico's claims.
The trial court entered judgment in conformity with the jury verdict in favor of plaintiffs, Sandres J. Guidry and Cathy D. Guidry, and against defendants, Dwight Manuel, Inc. and Maryland Casualty Company, jointly and in solido, for the sum of $38,000 with legal interest from date of judicial demand until paid.
Plaintiffs appealed the dismissal of one of the defendants, the amount of damages awarded, and the jury's failure to recognize the claim filed on behalf of the plaintiff company, Guico. Manuel appealed the dismissal of its third party claim against the concrete company.
The court of appeal affirmed the jury's finding of 100 percent liability on the part of Manuel. The court of appeal also found the record supported the jury's finding *458 that the concrete supplier did not breach a duty in either contract or tort. Those two findings were affirmed. Guidry v. Dwight Manuel, Inc., 03-1236, pp. 2-5 (La.App. 3 Cir. 7/7/04), 877 So.2d 346, 348-350.
The court of appeal found the jury's award was "wholly inadequate to compensate" the plaintiffs and, thus, constituted "an abuse of discretion." Although not contested by any party to the litigation and not raised as an assignment of error in the appellate court, the court of appeal considered a jury charge delivered by the trial court. Finding the charge as given was inadequate and that it affected the jury's determination to award costs of repairs, the court of appeal found it was essential to award plaintiffs total replacement costs to properly repair the problems caused by the defective concrete. Guidry, 03-1236 at 5-8, 877 So.2d at 350-352.
We find the court of appeal erred in considering the effect of an uncontested jury charge. Neither party objected to the instruction and neither assigned the instruction as an error on appeal. See LSA-C.C.P. art. 1793(c) ("A party may not assign as error the giving ... [of] an objection unless he objects thereto either before the jury retires to consider its verdict or immediately after the jury retires."). In a jury trial, the jury is responsible for finding facts and applying the law, as charged by the court, to the facts in arriving at a verdict. As acknowledged by the court of appeal, the function of the appellate court is to review the jury's verdict for manifest error. If there is a reasonable basis in the record for the jury's determination, the court of appeal must affirm even if the appellate court would have made a different finding. Touchard v. SLEMCO Electric Foundation, 99-3577, p. 5 (La.10/17/00), 769 So.2d 1200, 1204 (on rehearing).
In this case the court of appeal usurped the function of the jury. The court of appeal substituted its evaluation for that of the jury. The jury's determination was reasonable in light of the evidence presented.
Accordingly, defendants' writ is granted in part. The decision of the court of appeal increasing the award for damages is reversed. The judgment of the trial court, rendered in accordance with the jury verdict, is reinstated.
CALOGERO, C.J., and KIMBALL, J., would grant the writ.