PICKETT, J.,
dissenting.
hi respectfully dissent. The majority falls into error by finding the jury instructions inadequate. It also errs in its de novo review of the verdict of the jury. I would reverse the award of replacement costs for the property taken, and limit the Wades’ recovery to the fair market value of the land and improvements expropriated by the state.
The supreme court has explicitly told this court that it is not the role of an appeals court to consider the effect of jury instructions if they are not contested by the parties on appeal. Guidry v. Dwight Manuel, Inc., 04-2031 (La.11/17/04), 887 So.2d 456. Furthermore, the record does not show that either party objected to the jury instructions in the trial court, as required by La.Code Civ.P. art. 1793(C). The majority cites cases for the proposition that a de novo review is required if a court finds the jury instructions legally incorrect. But in each of those cases the issue was squarely presented to the court for review by the appellants. The majority exceeds the authority of this court by conducting a de novo based on an alleged error that was neither preserved for review nor assigned as error. I find that the proper review of the judgment below is under the manifest standard of review.
^Applying the proper standard, I would reverse the judgment of the trial court. There is nothing in the record to support a finding that the property was “both unique in nature and location” as required under State, through the Department of Highways v. Constant, 369 So.2d 699 (La.1979) (emphasis added). The evidence shows that the property and the improvements situated thereon suited the business plan of D & J Sales, and the expropriation by the state made it impossible for the Wades to continue the business at that location. The Wades failed to prove, however, that the location of the D & J Sales was so unique as to make continuing the business at another location impossible. I disagree with the majority’s interpretation of the application of the rule set forth in Constant.
*925 The facts in Constant are clearly distinguishable from the facts in this case. In Constant, the location of the loading area for which replacement costs were ordered was so unique that it was indispensable to the operation of the marina at issue. The court was, however, careful to limit the applicability of a replacement cost rule to those situations where the property is “shown to be both unique in nature and location and also indispensable to the conduct of the landowners’ business operations on the site from which a part is taken.” Id. at 706 (emphasis added). I do not find evidence in this record to support a finding that the plaintiffs’ property is so uniquely situated that it meets the requirements set forth in Constant.
I would find that the Wades were fully compensated under law for the expropriation of their land when DOTD paid them for the fair market value of the land and improvements and severance damages as awarded by the jury in response to interrogatories. I would, therefore, reverse the judgment of the trial court awarding the Wades the replacement costs of land and improvements.